IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01892-PAB-KLM

UNITED AMERICAN INSURANCE COMPANY, a Nebraska corporation,

    Plaintiff,

v.

KENNETH BELL,
SPENSER SHAVER,
LORI S. PERRY, n/k/a LORI KROUT,
SAM SAYLER, and
TIM LEAVITT,

    Defendants.
_____

**ORDER ON MOTION TO DISMISS**
_____

This matter is before the Court on defendant Kenneth Bell's motion to dismiss for insufficiency of service of process [Docket No. 37]. Plaintiff United American Insurance Company responded to the motion to dismiss, attaching an affidavit of one of the process servers it retained in an attempt to serve defendant Bell [Docket No. 38]. Following plaintiff's response, defendant Bell submitted a notice of supplemental affidavit, purportedly sworn to by an individual other than defendant Bell who was served with papers relating to this lawsuit near defendant Bell's alleged residence [Docket No. 39]. Plaintiff moved for leave to respond to that notice and has submitted its response thereto along with its motion for leave [Docket No. 40]. The motion to dismiss is ripe for decision.

**I. BACKGROUND**

Plaintiff initiated this lawsuit on September 4, 2008.  On December 5, 2008, plaintiff filed an affidavit claiming that defendant Bell was served on November 25, 2008 [Docket No. 36].  Defendant Bell maintains that he has not been served with this lawsuit and, pursuant to Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure, the action must be dismissed as against him.  The process server affidavit submitted by plaintiff to show service on defendant Bell relates that, on November 25, 2008, the process server served an individual departing from defendant Bell's mailing address who initially responded to the greeting "hey Ken," but then denied that he was Kenneth Bell when informed that he was about to be served with legal papers.  Def.'s Mot. to Dismiss, Ex. A.  As a supplement to his motion, defendant Bell produced the affidavit of Andy Breaux, who testifies that he was the individual confronted by the process server on November 25, 2008.  Def.'s Notice of Supplemental Aff., Ex. A.

Plaintiff responds that it has proved a prima facie case of service on defendant Bell.  In support, plaintiff cites the response of the individual served on November 25, 2008 to the apparent nickname of defendant Bell.  *See* Pl.'s Resp. to Notice.[1]  Plaintiff also indicates that the difficulty encountered by the process server on November 25, 2008 was not unique.  Various prior attempts at service on defendant Bell at defendant Bell's listed mailing address were rebuffed by individuals, allegedly including defendant

---

[1] Because defendant Bell submitted new evidence in his notice of supplemental affidavit, it is equitable to consider plaintiff's response thereto, and the Court allows plaintiff's response to defendant Bell's notice.  *Cf. Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir.2006) ("if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials").

Bell's wife, who provided the process server with conflicting information as to defendant Bell's availability and whether he resides at that address. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. 1.

## II. ANALYSIS

"In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Allen v. United Props. & Constr., Inc.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, *9 (D. Colo. Sept. 3, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Good cause for failure to serve a defendant within the allotted 120-day time period exists when the defendant evades service of process. *Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997). Once a plaintiff demonstrates good cause, an extension of time to accomplish service – instead of dismissal of the action – is mandatory. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995).

In this case, plaintiff has not shown that defendant Bell was served. The affidavits submitted by plaintiff and defendant Bell create a factual dispute regarding who was served on November 25, 2008. Plaintiff has not shown proper service upon someone at defendant Bell's residence, an agent, or otherwise. Plaintiff's exclusive

reliance on the circumstantial evidence that the individual confronted by the process server on November 25, 2008 initially responded to being called "Ken" and locked the door to the house he was departing does not allow the Court to conclude that due process has been satisfied. However, plaintiff has demonstrated good cause for an extension of time in which to serve defendant Bell. Namely, the affidavits of record reveal a pattern of avoidance and evasion by defendant Bell, his spouse, or persons associated with him. Thus, the Court will not dismiss the claims against defendant Bell, but plaintiff must perfect service on defendant Bell in an appropriate manner as ordered herein.

## III.  CONCLUSION

Accordingly, it is

**ORDERED** that defendant Kenneth Bell's motion to dismiss [Docket No. 37] is DENIED. It is further

**ORDERED** that plaintiff's motion for leave to file response to notice [Docket No. 40] is GRANTED. It is further

**ORDERED** that plaintiff shall serve defendant Bell, or obtain his waiver of service of process, on or before **May 22, 2009**.

DATED April 22, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge