IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01892-PAB-KLM

UNITED AMERICAN INSURANCE COMPANY, a Nebraska corporation,

     Plaintiff,

v.

KENNETH BELL,
SPENSER SHAVER,
LORI S. PERRY, n/k/a LORI KROUT,
SAM SAYLER, and
TIM LEAVITT,

     Defendants.

_____

**ORDER**
_____

This matter comes before the Court on two unopposed motions for entry of proposed orders granting injunctive relief filed by plaintiff United American Insurance Company ("United"), one directed to defendant Spenser Shaver [Docket No. 44] and the other directed to defendant Tim Leavitt [Docket No. 50].  For the reasons set forth below, these motions are denied.

In each motion, United requests this court to enter an order enjoining the defendant from: (1) using or disclosing tangible confidential business information or trade secrets of United; (2) disclosing any confidential information of United; (3) selling any form of accident and health or life insurance product, or attempting to sell such products, to current United policyholders; (4) attempting to induce or causing current United policyholders to cancel their insurance policies with United; and (5) attempting to

induce or causing any United employees to leave their employ with United or to sell insurance for another insurance brokerage company.  United requests that such injunctions be entered for a two year period, with a retroactive commencement date of June 12, 2008 as to defendant Shaver and June 26, 2008 as to defendant Leavitt.  Pl.'s Mot. for Entry of Agreed Order [Docket No. 44]("Mot. for Shaver Injunction"), Ex. B ¶ A; Pl.'s Mot. for Entry of Agreed Order [Docket No. 50] ("Mot. for Leavitt Injunction"), Ex. A ¶ A.  United represents that neither motion for entry of the proposed injunctive relief is opposed.  With respect to defendant Shaver, United attaches a letter purportedly authored by Mr. Shaver which manifests an intention to accept settlement terms proposed by United, but does not demonstrate agreement to the precise terms of the proffered order for injunctive relief.  *See* Mot. for Shaver Injunction, Ex. A ("It is my understanding that the Stipulated Injunction Order involves a contractual agreement and no monetary settlement.  If this is the case, then let's proceed.").  As to defendant Leavitt, plaintiff represents that Mr. Leavitt has consented through counsel to entry of the requested injunctive relief, but submits no papers to the Court that have been signed by Mr. Leavitt or an agent on his behalf.  *See* Mot. for Leavitt Injunction.

Upon review of the pending motions requesting permanent injunctive orders as to defendants Shaver and Leavitt, as well as the case file in this matter, the Court concludes that such motions are improper.  First, there is no basis for the Court to grant retroactive injunctive relief going back to June 12, 2008.  Second, to be entitled to a permanent injunction regarding future actions, plaintiff must prove the following four elements: (i) actual success on the merits; (ii) irreparable harm that will occur if the injunction is not issued; (iii) a balance of hardships tipping in the plaintiff's favor; and (iv)

2

that the requested injunction is not adverse to the public interest.  *Fisher v. Oklahoma Health Care Authority*, 335 F.3d 1175, 1180 (10th Cir. 2003).  The proposed orders of injunctive relief submitted by United generally describe similar or identical covenants not to compete entered into between United and defendants Shaver and Leavitt, along with United's asserted business interests that such covenants are designed to protect.  *See* Mot. for Shaver Injunction, Ex. B; Mot. for Leavitt Injunction, Ex. A.  Nowhere in its proposed orders or in its motions does United set forth facts demonstrating that defendants Shaver and Leavitt engaged in conduct warranting injunctive relief against them under the standard set forth above.  In fact, United's proposed order of injunctive relief as to defendant Leavitt states that "[t]he parties agree that this injunction shall not serve as or be treated as an admission of liability or any wrongdoing by Defendant Leavitt."  Mot. for Leavitt Injunction, Ex. A ¶ 19.  Thus, the Court is unable to conclude on the present record that permanent injunctive relief against defendant Shaver and Leavitt is warranted.

Undoubtedly, United, defendant Shaver, and defendant Leavitt have reached some form of resolution of the claims between them.  The Court commends the parties' diligent efforts to settle such claims.  However, the motions before the Court are not styled as consent decrees or stated to be settlement agreements.  The relief requested in United's motions may be permissible if presented in such a format.  Moreover, none of the papers submitted by United in connection with its motions are signed by all relevant parties as they would be in a settlement agreement.  Another established method to effectuate the relief sought by United in this instance is for the parties to enter into private settlement agreements and, upon execution of such agreements,

3

employ the procedures set forth in Federal Rule of Civil Procedure 41 to dismiss the action against the appropriate parties.

For the foregoing reasons, it is

**ORDERED** that plaintiff's unopposed motions for entry of agreed order granting injunctive relief [Docket Nos. 44, 50] are DENIED.

DATED April 22, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge